IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00739-MSK-KMT

CELELIA CARRERAS,
ROBSON CARVALHO,
MARISOL PANIAGUA, and
ESTEBAN SERRATO,

      Plaintiffs,

v.

DONALD J. LEMON, d/b/a D.J. LEMON, P.C.,
HEATHER C. LEMON,
HEATHER C. LEMON & ASSOCIATES, INC.
MOUNTAIN IMMIGRATION, and
THE MOUNTAIN FOUNDATION,

      Defendants.

## ORDER ON MOTION TO DISMISS

THIS MATTER comes before the Court on a motion to dismiss **(#90)** filed by Defendants Heather C. Lemon and business entity Heather C. Lemon & Associates, Inc.,[1] pursuant to Fed. R. Civ. P. 12(b)(6). The Plaintiffs responded **(#96),** and the Movants replied **(#99).** Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of addressing the instant motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] When required, the Court refers to each movant by name, but otherwise refers to them, collectively, as "Movants".

## II. Procedural Background

The Plaintiffs, Celelia Carreras, Robson Carvalho, Marisol Paniagua, and Esteban Serrato, assert claims against the Movants and others in a Second Amended Complaint. The Plaintiffs are citizens of Argentina, Brazil, or Mexico who allege that they employed Defendant Donald J. Lemon to assist them with immigration issues. They allege that Mr. Lemon acted negligently, and that his actions caused them to be subject to a 3-year bar on reentering the United States.

Claim 1 is a negligence claim asserted solely against Mr. Lemon. Claim 2 is a negligence claim against Heather Lemon. In Claim 2, the Plaintiffs seek to hold Ms. Lemon jointly and severally liable for Mr. Lemon's negligence on the grounds that she was his law partner, but also for her own alleged malpractice. Claim 3 is asserted against all Defendants except for Mr. Lemon. Claim 3 seeks to hold Ms. Lemon jointly and severally liable for Mr. Lemon's negligence under Rule 265 of the Colorado Rules of Civil Procedure (C.R.C.P.), and seeks to hold various business entities liable for the negligent acts of Mr. and Ms. Lemon.

## III. Issue Presented

The Movants seek dismissal of Claims 2 and 3 under Fed. R. Civ. P. 12(b)(6). The issue presented is whether either claim, as asserted against the Movants, should be dismissed for failure to state a claim.

## IV. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern.,*

*Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the Plaintiffs. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). The Plaintiffs are not required to include detailed factual allegations in a complaint, but their complaint must contain "more than labels and conclusions" and must consist of more than "a formulaic recitation of the cause of action[.]" *See Bell Atlantic Corp. v. Twombly*, _ U.S. _, 127 S. Ct. 1955, 1964-65 (2007). Rather, it must contain factual allegations which are "enough to raise a right to relief above the speculative level[.]" *Id.*[2]

## V. Analysis

The Movants contend that dismissal of Claims 2 and 3 is required for the following reasons: (1) there are no allegations that the Movants engaged in any negligent conduct; (2) the allegations that Mr. and Ms. Lemon were law partners are false and cannot be supported; (3) there can be no imputed liability to Ms. Lemon simply because Mr. and Ms. Lemon have the same last name; and (4) there are insufficient allegations to demonstrate that the corporate veil of Heather C. Lemon & Associates, Inc. can be pierced.

The Plaintiffs oppose dismissal. They contend that Ms. Lemon actually provided legal services to them and owed them a duty of care, which she breached. They also contend that they have evidence that Mr. and Ms. Lemon were law partners, and therefore are jointly and severally liable for Mr. Lemon's negligence under C.R.C.P. 265(I)(A)(4). Although not entirely clear, they also appear to oppose dismissal of the veil-piercing claim against Heather C. Lemon & Associates, Inc.

---

[2] The Plaintiffs submitted evidentiary materials with their response. Pursuant to Fed. R. Civ. P. 12(d), all such evidence is disregarded.

3

The premise for much of the motion to dismiss is erroneous. In their Second Amended Complaint, the Plaintiffs allege negligence on the part of Ms. Lemon, not merely imputed negligence. They specifically allege that she undertook a part of their legal representation and breached her duty of care by failing to ensure that their needs were appropriately met when Mr. Lemon failed to do so. Also, the Plaintiffs have alleged a professional relationship – a law partnership – between Mr. and Ms. Lemon. At this juncture, the Court must assume such allegations to be true. Whether the allegations of the Second Amended Complaint can be supported with evidence is not before the Court.

With regard to veil-piercing, the issue is actually one of "reverse piercing", because the Plaintiffs seek to hold the corporation liable for the acts of its shareholder. *See In re Phillips,* 139 P.3d 639, 644-45 (Colo. 2006).[3] Reverse piercing allows a person asserting claims against a controlling shareholder to obtain the corporation's assets to satisfy the controlling shareholder's obligations. *Id.* at 646. For pleading purposes, this requires the claimant to allege facts that would establish that (1) the controlling shareholder and the corporation are alter egos of each other (*i.e.*, the corporation is a mere instrumentality used by the controlling shareholder to transact the shareholders' personal business, and "there is such unity of interest in ownership" that the corporation and shareholder no longer have "separate personalities"), (2) justice requires recognizing the substance of the relationship over the form (*i.e.*, because the corporate fiction was used to perpetuate a fraud or defeat a rightful claim), and (3) an equitable result is achieved by piercing. *Id.*

Here, there are insufficient allegations in the Second Amended Complaint to support

---

[3] In this diversity case, the Court applies substantive law of the forum state: Colorado. *See Morris v. Travelers Indem. Co. of America,* 518 F.3d 755 (10th Cir. 2008).

reverse piercing of the corporate veil with regard to the claim against Heather C. Lemon & Associates, Inc. Apart from the general allegation that "the negligent acts of the individual defendants, Donald Lemon and Heather Lemon, are imputed to the professional service corporate entities," there are no other allegations to support corporate liability for individual acts of negligence. The response to the motion to dismiss is also silent as to any basis for reverse piercing of the corporate veil. Thus, Claim 3 against Heather C. Lemon & Associates, Inc. is dismissed, without prejudice, for failure to state a claim.

**IT IS THEREFORE ORDERED** that:

(1) The motion to dismiss **(#90)** is **GRANTED, IN PART,** insofar as the Court dismisses Claim 3 against Heather C. Lemon & Associates, Inc., without prejudice. In all other respects, the motion is **DENIED**.

(2) Within 20 days of this Order, the Plaintiffs may file a Third Amended Complaint curing the pleading defects of their reverse piercing claim against Heather C. Lemon & Associates, Inc., only. Defendants may respond by Answer but not by a Motion to Dismiss. If no Third Amended Complaint is filed, then Heather C. Lemon & Associates, Inc. shall be deleted from the case caption.

Dated this 22nd day of August, 2008

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge